# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**DORENE MIRANDA,**

        Plaintiff,

**vs.**                  **CASE NO.**_____

**WILLIAMS, RUSH
& ASSOCIATES, LLC,**

        Defendant.
_____/

## COMPLAINT
## DEMAND FOR A JURY TRIAL

1. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

2. Congress enacted the FDCPA because of the following findings and with the following purpose:

> (a) There is abundant evidence of the use of abusive, deceptive and unfair practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> (b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

> (c)   Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.
>
> (d)   Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
>
> (e)   It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C. § 1692 (a)–(e).

3. Likewise, the FCCPA has been described by the Florida Supreme Court as "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Harris v. Beneficial Finance Co.*, 338 So. 2d 196, 200-01 (Fla. 1976).

4. In enacting the FDCPA seeking to protect consumers, Congress recognized the "universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debts is minuscule [sic] ... [T]he vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce." S. Rep. No. 382, 95th Cong., 1st Sess., p. 3 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1697.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337, 1367 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls and mailed letters into this District.

## PARTIES

6. Plaintiff, Dorene Miranda is a natural person and a citizen of the State of Florida, residing in the Middle District of Florida.

7. Defendant, Williams, Rush & Associates, LCC is a foreign business corporation organized and existing under the laws of the State of Texas with its principal place of business and corporate offices in Dallas Texas.

8. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

9. Defendant regularly collects or attempts to collect debts for other parties.

10. Defendant is a "debt collector" as that term is defined in the FDCPA and FCCPA.

11. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

12. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes. Specifically,

Defendant attempted to collect a student loan allegedly owed to Tampa Truck Driving School from Plaintiff.

13. On or about December 2019, Defendant began placing daily, repeated telephone calls to Plaintiff in an attempt to collect the alleged debt.

14. On or about December 2019, despite having Plaintiff's full and complete contact information, Defendant began placing telephone calls to Plaintiff's boyfriend and elderly mother in an attempt to collect the alleged debt.

15. Even after speaking with Plaintiff regarding the alleged debt, Defendant continued to contact Plaintiff's boyfriend and elderly mother in an attempt to collect the alleged debt.

16. Due to financial difficulties beyond her control, Plaintiff simply cannot pay the alleged debt.

17. On January 21, 2020, Defendant received Plaintiff's written cease and desist request. A copy of the January 21, 2020 written cease and desist and delivery confirmation is attached hereto as Exhibit "A".

18. Defendant completely disregarded the January 21, 2020 correspondence, and has continued to communicate with Plaintiff in an attempt to collect the alleged debt.

19. By way of example, on April 29, 2020, Defendant sent Plaintiff the dunning letter attached hereto as Exhibit "B".

20. Defendant's actions were willful.

21. Defendant's actions caused Plaintiff to experience anger, frustration, annoyance and embarrassment.

## COUNT I
## FAILURE TO CEASE AND DESIST COMMUNICATION
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692c(c)

22. Plaintiff incorporates Paragraphs 1 through 21 above as if fully set forth herein.

23. Defendant violated 15 U.S.C. § 1692c(c) by continuing to communicate with Plaintiff after being notified that Plaintiff wished Defendant to cease further communication with Plaintiff.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## HARASSEMNT OR ABUSIVE IN VIOLATION
## OF THE FCCPA, FLA. STAT. § 559.72(7)

24. Plaintiff incorporates Paragraphs 1 through 21 above as if fully set forth herein.

25. Defendant willfully communicated with the debtor or with any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can

reasonably be expected to abuse or harass the debtor or any member of her or his family in violation of Fla. Stat. § 559.72(7).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

*/s/ Kimberly H. Wochholz*
[  ] James S. Giardina
Fla. Bar No. 0942421
[X] Kimberly H. Wochholz – Lead Counsel
Fla. Bar No. 0092159
The Consumer Rights Law Group, PLLC
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
Kim@ConsumerRightsLawGroup.com
*Counsel for Plaintiff*